KATHERINE ROBERTS v. SCHAPER STORES COMPANY, Appellant.—3 S. W. (2d) 241.

Division Two, February 18, 1928.

*Taylor, Chasnoff & Willson, John T. Sluggett, Jr.,* and *James V. Frank* for appellant.

*Mark Eagleton* and *Hensley, Allen & Marsalek* for respondent.

DAVIS, C.—This is an action by an invitee to a department store to recover damages for injuries arising from a fall caused by the

negligent starting of a passenger elevator. The jury returned a verdict in favor of plaintiff for nine thousand dollars, defendant appealing from the judgment entered thereon.

The evidence submitted on the part of plaintiff warrants the finding that the store operated by defendant was located at Sixth and Washington Avenue in the city of St. Louis. In the forenoon of August 29, 1923, plaintiff accompanied by Mrs. Anna Whitney visited defendant's store as a customer. They entered the elevator provided for the carriage of passengers on the ground floor and it ascended with them in it to the second floor. It came to a stop three or four inches below the second-floor landing level. The operator of the elevator, a negro boy, then opened the gate, saying, "Step up, please." Plaintiff testified that in attempting to step from the elevator she placed her left foot on the second-floor landing, her right foot remaining on the elevator floor, whereupon she fell out. On looking around she saw the elevator down the shaft about four feet below the second-floor landing, being able to observe in the car the upper portion only of Mrs. Whitney's body.

Mrs. Whitney stated that the elevator on ascending came to a stop about four inches below the second-floor landing. The elevator operator, on opening the gate, then told plaintiff to step out. As plaintiff was stepping out with one foot on the second-floor landing and the other on the elevator floor, the operator jerked the elevator up about four inches and then dropped it down. Plaintiff fell out as the car went up. Upon being asked what, if anything, the operator at that time said, she replied that he stated, "The car must be broke." She further stated that she did not see the boy operate the lever or any machinery of the car.

On behalf of defendant a witness, Miss Ketterer, stated in substance that she saw the elevator stopped at the second floor. Mrs. Whitney alighted first and as plaintiff was ready to step out, while one foot was on the second floor and the other on the elevator, the elevator dropped between six inches and a foot. Plaintiff did not fall to the floor. Plaintiff was helped out by Mrs. Whitney and a colored woman. Plaintiff on alighting said she was excited, then walked around and looked at things. On cross-examination she stated that she did not see the elevator drop, but when she looked it was down six inches to a foot. She saw plaintiff rub her knee. Another witness for defendant stated that plaintiff came to the fourth floor and reported that she became frightened as she was getting off the elevator and, upon the witness asking her if she was hurt, she replied, "No, I am not hurt; I just wanted to tell you about it." Other pertinent facts, if any, will be referred to later.

I. Defendant bases certain phases of its request for a reversal of the cause upon the predicate that the amended petition by the averment that the elevator "did descend" pleads specific negligence. It is said that the averment qualifies, enlarges and explains the prior averments that "said elevator did move and did start in motion." The pertinent portion of the petition reads: ". . . While the said elevator was stopped at said floor and standing still there, and while the exit door of said elevator was open to permit persons to board and alight from said elevator, the plaintiff did attempt to alight from said elevator, and pass from the said elevator to the said second floor of said building, and that while plaintiff was in the act of so passing through the aforesaid door, the elevator did move, and start in motion, and did descend, as a direct and proximate result of negligence and carelessness of defendant, directly causing plaintiff to fall and be thrown down. . . ." We are unable to agree to the position taken by defendant. The petition merely states in effect that the elevator moved and in moving descended. If the petition had the effect of limiting the proof of movement to the descent of the elevator, still the averment "and did descend" referred to motion only. It could not be construed as stating the cause of the movement. Even if we could say that the averment was tantamount to alleging that the elevator was negligently permitted to move downward, yet such an allegation was not specific except as to direction. It was still a general allegation as to the act causing the fall of plaintiff. We think the petition pleads general negligence, thus rendering the doctrine *res ipsa loquitur* applicable on the facts.

II. It is contended that because the petition pleads that plaintiff was caused to fall by the descent of the elevator, whereas the proof establishes that she was caused to fall by its ascent, a total failure of proof results. Stated otherwise, it is said that the specific negligent act relied upon by respondent as a ground for recovery was expressly limited by the petition to the descent of the elevator. We do not think, however, that the result was tantamount to a total failure of proof, but that it was at most a variance. The bill of exceptions fails to show that plaintiff objected on the ground of variance to the evidence that plaintiff fell out of the elevator as it ascended. Even though we construe the allegation in the petition "and did descend" as limiting the scope of the prior words "the said elevator did move and did start in motion," we are not permitted to notice the alleged variance for defendant failed to object to it on that ground. Moreover, by their attitude toward the question during the trial, the parties treated the fall of plaintiff from the elevator as it

ascended as though properly pleaded and as though an issue properly before the court.

Section 1272, Revised Statutes 1919, is in point. It reads: "No variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits; when it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, by affidavit showing in what respect he has been misled, and thereupon the court may order the pleadings to be amended upon such terms as shall be just."

Discussing the question, this court in Bammert v. Kenefick, 261 S. W. 78, say: "Here there was not only no affidavit; there was no objection to the proof. All those cases held that when in the proof there is a variance from the facts pleaded, if it amounts only to a variance and the proof goes in without the affidavit required by the statute, the variance shall not be material, and the trial court, in admitting the evidence, shall not be convicted of error. Under Section 1452, Revised Statutes 1919, if the cause of action 'is unproved, not in some particulars only, but in its entire scope and meaning,' it will be deemed a failure of proof and not a mere variance."

In this case the proof tends to show that plaintiff fell from an elevator operated by defendant. Whether she fell as the elevator was ascending or descending would not under the facts affect defendant's liability, for the fact would remain that she was caused to fall by the movement of the elevator. Even if we construe the petition to the effect that plaintiff fell as the elevator was descending, the evidence that she fell from it as it was ascending is a matter of variance and not a total failure of proof. By failing to call the matter to the court's attention in the manner provided by the statute, thus affording an opportunity to amend the petition, defendant tried the case as though the omitted averment was in the petition and may not now complain of a variance. [Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978.]

III. Defendant complains of an instruction given at the instance of plaintiff, reading: "The court instructs the jury that it was the duty of the defendant to exercise the highest degree of care practicable in the maintenance, operation and construction of the elevator in question."

It is argued that, inasmuch as the petition contains no charge of negligent maintenance or construction, the instruction in placing on defendant the duty of exercising the highest degree of care in the maintenance and construction of the elevator was broader than the

pleadings, permitting the jury to take into consideration matters outside the petition. It is evident, however, that plaintiff pleaded general negligence only, relying upon the doctrine *res ipsa loquitur.* By the showing that plaintiff was a passenger on the elevator, and that the elevator moved as she was alighting from it, causing her to fall and suffer injury, a prima-facie case was made, thereby casting on defendant the burden of rebutting negligence presumed from facts bringing the case within the doctrine. A prima-facie case having been made, it was incumbent upon defendant to offer evidence to rebut every form of negligence that may legitimately be inferred from the facts proven. Plaintiff, having made a prima-facie case, was not limited to the presumption of the negligent operation of the elevator, but was entitled to the benefit of the presumptions that the elevator. was caused to move as the result of negligent maintenance or construction. These presumptions arising from the facts did not arbitrarily require the jury to return a verdict in favor of plaintiff, but they were substantive evidence of negligence which authorized the jury in its discretion to return such a verdict. Speaking of the burden of proof, this court in Bond v. Railroad, 288 S. W. 777, say: "Logically such a rule cannot be merely one of procedure; it must be regarded rather as one of substantive law, adopted for the protection of passengers. It has been followed so long that its enforcement must now be considered a part of the public policy of the State."

Notwithstanding defendant's contention, the record contains evidence of the negligent maintenance and construction of the elevator. Mrs. Whitney testified that the operator of the elevator said, "The car must be broke." Whether this bit of evidence was admissible we need not decide, for it came in without objection and plaintiff is entitled to the benefit of it. It was of sufficient weight of itself upon which to base an instruction telling the jury it was the duty of defendant to exercise the highest degree of care practicable in the maintenance and construction of the elevator in question.

Defendant further contends that the instruction is error because it is abstract, misleading, general and not based upon the evidence or the pleadings. We think we have just answered the contention that it is not based on the evidence or the pleadings. While the instruction is abstract and general, it is not misleading under the facts in this case. We have heretofore said that, plaintiff having made a prima-facie case under the doctrine *res ipsa loquitur,* the burden was on defendant to absolve itself. The defendant was then subject to the highest degree of care relative to the operation, maintenance and construction of the elevator. [McCardle v. Peck Dry Goods Co., 271 Mo. 111, 195 S. W. 1034.] While

the instruction is abstract and under other facts might constitute error in the absence of further instructions to the jury, yet as defendant failed to offer testimony to explain the movement of the elevator and absolve itself, we do not think the instruction prejudicial error.

IV. The court refused an instruction offered by defendant, reading: "The court instructs the jury that the burden is upon the plaintiff to establish to your reasonable satisfaction that plaintiff was  caused to fall or be thrown down by reason of negligence on the part of defendant, and unless this has been so proved, you will find your verdict in favor of the defendant." Defendant charges error on the part of the trial court in refusing the instruction · on the ground that the petition pleaded specific negligence. This court has a number of times held that an instruction of the import of the one in question was out of place, where the issue before the court was based on the doctrine *res ipsa loquitur.* [Price v. Met. St. Ry. Co., 220 Mo. 435, 119 S. W. 932; Bond v. Railroad, 288 S. W. 777.] The judgment is affirmed. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur. ·