CLAUDE STEELEY v. J. M. KURN and JOHN G. LONSDALE, Trustees of the ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, a Corporation, Appellants.—157 S. W. (2d) 212.

Division One, October 30, 1941.

Rehearing Denied, December 16, 1941.

Motion to Transfer to Banc Withdrawn, January 6, 1942.

*Mann & Mann* and *Chas. E. Hassett* for appellants.

*Wm. B. Myers, Sylvan Bruner* and *Vance Julian* for respondent.

GANTT, P. J.—Action under the Federal Employers' Liability Act, 45 U. S. C. A., Sec. 51 et seq. Judgment for $10,000. Defendants appealed.

Plaintiff and other employees (Murphy, Mahan and Shirley) of defendants were lifting a rod from the floor to a wagon for movement to the machine shop. Plaintiff and Murphy were lifting one end of the rod. Shirley and Mahan were lifting the other end of the rod. Plaintiff testified that when the rod was "crotch high," Murphy suddenly "released his hold," thereby casting additional weight on plaintiff, which caused the injuries alleged in the petition. He also testified that Murphy "just deliberately turned it loose."

The other employees, including the foreman, testified that no such thing occurred; that when the rod was twelve inches from the floor plaintiff "released his hold," stating that he "had a twitch in his back." They also testified that Murphy, Mahan and Shirley con-

tinued lifting and placed the rod on the wagon. On cross-examination by plaintiff there was evidence as follows:

Murphy testified that he did not stumble; that the rod did not slip from his hands, and that he did not "release his hold" with either ▮ hand. Mahan testified that the employees lifting the rod did not either slip or stumble. Shirley testified that the hands of the employees lifting the rod did not slip from the rod, and that they did not either slip or stumble while lifting the rod.

In substance, plaintiff alleged that Murphy negligently and without warning "released his hold" on the rod, which cast the entire weight of the rod on plaintiff, and that Murphy, in violation of a custom of the yard, negligently failed to warn plaintiff that he was about to "release his hold" on the rod.

▮ At the trial defendants contended for a directed verdict. On review, and on plaintiff's contention that Murphy deliberately and intentionally dropped the rod, we ruled that the trial court should have directed a verdict for the defendants on the theory that the deliberate and intentional dropping of the rod by Murphy was not in furtherance of the employer's business. [Steeley v. Kurn et al., 146 S. W. (2d) 578.] On certiorari, the Supreme Court of the United States in a per curiam (Steeley v. Kurn, 61 Sup. Ct. Rep. p. 1087) merely reversed the judgment of this court, citing Jamison v. Encarnacion, 281 U. S. 635, 50 Sup. Ct. 440, 74 L. Ed. 1082. The said court gave no reason for the ruling, other than the citation of said case. In this situation it must be assumed that said court construed the Jamison case to rule that the word "negligence," as used in the Federal Employers' Liability Act, includes a deliberate and intentional injury of an employee by another employee of equal station.

▮ However, there remains for review assignments of error on the trial of the cause. Defendants challenge instructions given at the request of plaintiff. The court directed the jury that if Murphy negligently "released his hold and dropped said rod," and that said act was not in the exercise of ordinary care, the jury could return a verdict for the plaintiff. By another instruction the court directed the jury that negligence was "the failure to use ordinary care." In other words, plaintiff sought recovery for failure to exercise ordinary care. On the record there is no substantial evidence tending to show a failure to exercise ordinary care. On the contrary, there is evidence tending to show that Murphy deliberately and intentionally dropped the rod. Absent evidence tending to show failure to exercise ordinary care, the instruction was prejudicially erroneous.

Other assignments of error will not be considered. They will likely disappear on a retrial of the case.

The petition in this case was not challenged. In this connection attention is directed to the charge of negligence therein which, un-

1144

der the above mentioned ruling of the Supreme Court of the United States, includes both failure to exercise ordinary care and intentional injury. We neither consider nor rule the question of the consistency of these allegations of the petition.

Furthermore, defendants objected to the testimony of plaintiff that Murphy "just deliberately turned it loose." The court sustained the objection. Defendant did not move to strike the answer from the record. In this situation the answer was evidence for the consideration of the jury. [Radler v. St. Louis-S. F. Ry., 330 Mo. 968, 51 S. W. (2d) 1011; Boyd v. Kansas City, 291 Mo. 622, 237 S. W. 1001.]

For the error noted, the judgment is reversed and the cause remanded. All concur.