CHARLES GOODMAN, Respondent, v. ALLEN CAB COMPANY, INC., a Corporation, Appellant, No. 41544—232 S. W. 2d 535.

Division One, September 11, 1950.

*Arthur U. Simmons* and *Edwin Rader* for appellant.

*J. W. Stipelman, Everett Hullverson* and *Forrest Boecker* for respondent.

DALTON, J.—Action for $15,000 damages for personal injuries sustained when plaintiff, a pedestrian, came into collision with a taxicab at a street intersection in the city of St. Louis. Verdict and judgment were for defendant, but the trial court sustained plaintiff's motion for a new trial and set the verdict and judgment aside. Defendant has appealed from the order granting the new trial. Laws 1943, p. 390, Sec. 126; Mo. R. S. A. Sec. 847.126.

Plaintiff alleged that defendant was "engaged in the business of operating taxicabs as a public carrier of passengers for hire"; and that, on or about the 23rd day of December 1947, as "the defendant by and through its agent and chauffeur was operating one of its taxicabs" westwardly on Franklin avenue, it struck and injured plaintiff as he was walking across Franklin avenue going south on the east side of Twelfth street. Various assignments of primary and humanitarian negligence were set forth.

Defendant, after denying generally certain allegations of the petition, alleged "that ▮▮▮▮ the taxicab was, at said time and place being operated by one Warren Shannon who at said time and place was an independent contractor and was not acting as agent for the defendant nor on any business or mission for the defendant." Defendant further made various specific assignments of contributory negligence against the plaintiff.

Plaintiff submitted the cause to the jury upon an assignment of primary negligence, to wit, that defendant violated an ordinance of the city of St. Louis requiring drivers and operators of vehicles to comply with signals given by electric automatic traffic signals, in that the taxicab was driven westwardly through the intersection by an agent and chauffeur of the defendant taxicab company when the signal "showed a red light to regulate traffic on Franklin avenue and a green light to regulate traffic on Twelfth boulevard." The only instruction offered and given on contributory negligence submitted a

finding that, "as said taxicab approached the intersection of Franklin avenue and 12th street, the electric traffic signal was green or 'Go' for westbound traffic, and red or 'Stop' for southbound traffic or pedestrians, and * * * that as the defendant's taxicab was in the act of passing Charles Goodman, that he, Charles Goodman, walked into the right side of defendant's taxicab * * *." It will not be necessary to review the evidence upon which these submissions were based.

The motion for a new trial was sustained upon ground 8, of the motion, as follows: "That the court erred in admitting, over the objection and exception of plaintiff, incompetent, irrelevant, immaterial, improper, prejudicial and illegal evidence offered by the defendant."

Appellant contends that the trial court erred in granting a new trial to plaintiff on the ground assigned, because no such evidence was admitted over plaintiff's objection.

A careful review of the transcript filed in this cause shows that in the trial of the cause substantially all of plaintiff's objections to the introduction of evidence by defendant were sustained. No evidence was admitted over plaintiff's objection. On two occasions plaintiff objected after the witness had answered the question and after the evidence objected to was in the record, but no motion was made to strike out the answers previously made by the witness. Respondent in effect now concedes that no "incompetent, irrelevant, immaterial, improper, prejudicial and illegal evidence offered by defendant" was received "over the objection" of plaintiff. The record disclosed no error by the trial court in admitting *any* evidence over the *objection* of the plaintiff. No evidence was so admitted.

Respondent, however, contends that *the court erred* in admitting incompetent and prejudicial evidence *which was not objected to;* and that *for such error* the trial court properly granted plaintiff a new trial. We shall subsequently set out the evidence referred to.

In view of the position taken by respondent it is hardly necessary for us to point out that ground 8 of the motion for a new trial, upon which the court based its order granting a new trial, is so general that the order granting the new trial fails to comply with the statutory requirement that the ground or grounds upon which a new trial is granted shall be specified of record. Laws 1943, p. 388, Sec. 115; Mo. R. S. A., Sec. 874.115; Johnson v. Kansas City Public Service Co., 360 Mo. 429, 228 S. W. (2d) 796. The ground stated is too general to furnish any information to the parties or to this court concerning the real basis of the trial court's action. Accordingly, under Rule 1.10 of this court, respondent has the burden of supporting the correctness of the court's order. Respondent has assumed that burden. "This burden is met if the respondent demonstrates that the motion for a new trial should have been sustained on any of the

grounds specified in the motion." Johnson v. Kansas City Public Service Co., supra, and cases there cited.

In this case, apparently, respondent seeks to support the correctness of the trial court's action under Laws 1943, p. 388, Sec. 115; Mo. R. S. A. Sec. 847.115, which provides: "A new trial may be granted for any of the reasons for which new trials have heretofore been granted." Respondent points to matters appearing in the record, not raised in the motion for a new trial and not assigned by the trial court as the ground upon which the motion was in fact sustained and the new trial granted. See, Ponyard v. Drexel (Mo. App.), 205 S. W. (2d) 267, 270 (1, 2) and cases there cited.

The evidence which respondent contends was *erroneously admitted* was offered and received in evidence without objection. It was offered in support of defendant's pleaded defense that the driver of the taxicab in question at the time and place mentioned was not the agent and servant of defendant, but was an independent contractor. This evidence tended to show that the driver of the taxicab, which struck and injured plaintiff, did not work for defendant on the day plaintiff received his injuries; that this driver had never worked for defendant; that defendant was engaged in the business of renting cabs to drivers who had taxicab licenses; that the rental rate was $5.25 for eleven hours use of the cab; that the cab in question was rented to the driver in question on the day that plaintiff was injured; that drivers were required to pay the full rental charge regardless of the amount taken in in fares; that defendant received calls for cabs on defendant's telephones and referred the calls to the various drivers renting cabs from it; that the drivers were not required to answer the calls, unless they desired to do so; that defendant did not attempt to direct the drivers who rented its cabs; that they could drive any place they pleased; and that defendant maintained the cabs against ordinary wear and tear and also furnished oil, but the drivers furnished the gasoline for the operation of the cabs and were supposed to pay for all damages to the cabs while in their possession. Evidence on behalf of both the plaintiff and defendant showed that one of defendant's cabs operated by one of its "drivers" (Warren Shannon) was involved in the collision in question; that the cab carried the name "Allen Cab Company No. 117" on the cab; and that a "sticker" showing Public Service Permit No. 516, was stuck on the window of the cab. On the cross-examination of one of defendant's witnesses, plaintiff showed that the cab was operated pursuant to a permit from the Board of Public Service of the City of St. Louis, which permit had been applied for and was issued to the defendant; and that such a permit was in force on the day plaintiff was injured.

Respondent says that "the trial judge sustained plaintiff's motion for a new trial because the court felt it was prejudicial to the plaintiff to have admitted evidence relating to an alleged independent contrac-

tor relationship between the defendant Cab Company and the driver who was operating the cab at the time it caused plaintiff's injury. On the argument for the motion of new trial, counsel for the plaintiff brought to the trial court's attention the provision of ordinances of the City of St. Louis relating to operation of taxicabs under permits of the St. Louis Board of Public Service which in effect, makes them common carriers. * * * The ordinances also provide that every applicant for the permit referred to shall provide liability insurance or an indemnity bond to cover liability for torts. * * * The trial judge recognized the existence and validity of these ordinances and took them into account in ruling on the new trial. The court considered the admission of evidence relating to an independent contract relationship erroneous, even though it is apparent that there is no objection in the record relating to any such evidence. * * * The ordinances were not identified nor were they submitted in certified form. Nevertheless, the trial court recognized their validity and took them into account in its ruling.''

Respondent insists that ''the trial court was entitled in its discretion to judicially notice and consider the ordinances of the city of St. Louis regulating the issuance of such franchises, as a basis for its ruling to motion for a new trial''; and that the trial court had a right and a duty to grant plaintiff a new trial on account of the admission of defendant's evidence in support of the independent contractor defense. Respondent's theory is that appellant was operating as a common carrier by virtue of a public franchise; that it could not avoid tort liability nor abrogate its responsibilities under its franchise by operating its cabs through an independent contractor; and that, in view of said city ordinances, it should not have been permitted to show that the operator of the cab in question was an independent contractor, since such relationship constituted no defense to liability for the contractor's negligence in the performance of appellant's duties as a common carrier. Respondent cites Cotton v. Ship-By-Truck Co., 337 Mo. 270, 85 S. W. (2d) 80, 84, and insists that the trial court ''properly considered error apparent in the record even though no proper objection was made,'' citing Supreme Court Rule 3.27 and 1.28 and DeMaire v. Thompson, 359 Mo. 457, 222 S. W. (2d) 93.

The ordinances now relied upon were not pleaded by plaintiff, nor presented to the trial court in the trial of the cause. They were not offered in evidence at any time. The evidence now complained of was not objected to on any ground and, particularly, not on the ground of the ordinances now referred to. No attack was made on defendant's pleaded defense based upon the independent contractor relationship and there was no suggestion at the trial that such relationship was not a valid and sufficient defense. The cause was tried on the theory that it was a valid defense. It is not now contended that the admission of the evidence in question was assigned as error by any provision of

plaintiff's motion for a new trial. In such situation it is clearly apparent that, if respondent is correct in his statement, the motion for a new trial was sustained upon a ground that arose as "an afterthought" long after the trial of the cause. The trial court could not (on account of the admission of said evidence) legally grant a new trial on the basis of any provision in the motion for a new trial which did not mention or refer to such evidence.

It is well settled that an objection to the admissibility of evidence must be specific and contain the proper ground of its exclusion, else the trial court will not be convicted of error for overruling it. Johnson v. Kansas City Rys. Co. (Mo. App.), 233 S. W. 942, 943. It is conceded that the evidence now questioned was admitted without objection and in support of a pleaded defense. The trial court did not err in admitting this evidence. The cause was tried on the theory that the evidence was admissible and plaintiff could not thereafter complain. Marr v. Marr, 342 Mo. 656, 117 S. W. (2d) 230, 231; Schanbacher v. Lucido Bros. Groc. Co. (Mo. App.), 93 S. W. (2d) 1076, 1081. The parties recognized that the alleged independent contractor relationship presented a valid defense. The record must be reviewed on the same theory. Brunswick v. Standard Acc. Ins. Co., 278 Mo. 154, 213 S. W. 45, 46; Moffett v. Butler Mfg. Co. (Mo. Sup.); 46 S. W. (2d) 869, 871. Relevant evidence received without objection may properly be considered, although it would have been excluded on proper objection. Crampton v. Osborn, 356 Mo. 125; 201 S. W. (2d) 336, 340. Even hearsay evidence admitted without objection has been considered. Miller v. Ralston Purina Co., 341 Mo. 811, 109 S. W. (2d) 866, 869; De Moulin v. Roetheli, 354 Mo. 425, 189 S. W. (2d) 562, 565; Reeves v. Thompson, 357 Mo. 847, 211 S. W. (2d) 23, 27; Lanahan v. Hydraulic-Press Brick Co. (Mo. App.), 55 S. W. (2d) 327, 332; Herrin v. Stroh Bros. Delivery Co. (Mo. App.), 263 S. W. 871, 875. A rule of evidence not invoked is waived. De Moulin v. Roetheli, supra. We, therefore, hold that the trial court committed no error in the trial of the cause for which it could grant a new trial and we further hold that, since the verdict was returned and judgment entered on February 9, 1949, the court had no jurisdiction on May 9, 1949 to grant a new trial on its own initiative on matters not preserved in the motion for a new trial. Laws 1943, p. 389, Sec. 119; Mo. R. S. A. Sec. 847.119.

The trial court's order granting a new trial should be reversed and the verdict and judgment for defendant should be reinstated. It is so ordered. *Hyde, J.,* and *Conkling, P. J.,* concur; *Hollingsworth, J.,* not voting because not a member of the court when the cause was submitted.