**WATTSON et al.**

v.

**JAMES B. WELSH REALTY & LOAN CO.**

No. 21923.

Kansas City Court of Appeals.

Missouri.

March 1, 1954.

Maurice Weinberger, Kansas City, for appellants.

Gresham, Bougham & Whipple, Walter J. Gresham, Kansas City, for respondents.

SPERRY, Commissioner.

Plaintiffs, Mr. and Mrs. Wattson, sued defendants, James B. Welsh Realty and Loan Company (hereafter referred to as Welsh) and W. Herbert Myers, its officer and agent, for damages in the amount of $500, with interest thereon, for fraud in procuring plaintiff's execution of a contract of sale of their home in Kansas City, Missouri. Trial to the court resulted in judgment for plaintiffs in the sum of $500 damages, and $103.30 interest thereon. Defendants appeal.

Plaintiffs moved for dismissal of appeal on the grounds that the brief does not contain a fair, concise statement of the facts without argument. The statement could be more concise but it is not so objectionable as to warrant dismissal. The motion should be overruled.

Mr. Wattson testified to the effect that plaintiffs listed their home with Welsh for sale; that defendant Welsh produced a Mr.

and Mrs. Walker who, defendants' agents, Myers and McClure, said were ready, able, and willing to purchase for the sum of $10,000; that defendants' agents presented to plaintiffs a written contract for sale of the property to the Walkers for $10,000; that said agents represented to plaintiffs that Welsh had in its possession $500 cash, deposited by the Walkers as earnest money; that said written contract contained a recital to that effect; that plaintiffs believed said representation and relied thereon; that they signed said contract, (which was put in evidence as Exhibit 1) in good faith; that they would not have signed same but for said representation; that the Walkers signed said contract but defaulted; that plaintiffs then learned, for the first time, that defendants did not have in their possession said sum of $500, or any other sum or earnest money, deposited by the Walkers. Plaintiffs did not receive $500 earnest money, or any other sum, from this transaction.

Mrs. Wattson's testimony was to the same general effect as that of Mr. Wattson.

Defendants offered the testimony of Mr. McClure, a salesman in the employ of Welsh, who testified to the effect that he prepared, and that he and Mr. Myers presented to plaintiffs for their signature, a contract of sale of real estate by plaintiffs to the Walkers, for the sum of $10,000; that said contract recited that $500 earnest money had been paid to Welsh, but that, in fact, no money had been paid to Welsh by the Walkers; that witness and Myers had, previously, procured the Walkers to sign a written instrument directing Fletcher-Cowherd Realty Company to pay to defendant Welsh $500 out of the purchase price of the Walker's home, contract for the sale of which Fletcher-Cowherd was handling; that said "assignment" had been presented to and acknowledged by Fletcher-Cowherd, and was attached to the contract, Exhibit 1, when it was signed by plaintiffs; that, on the same line, in Exhibit 1, wherein it was recited that Welsh held the said $500, appeared the written words: "See attch"; that witness told plaintiffs that Welsh had an *assignment* of the money deposited on

the Walker property with Fletcher-Cowherd; that, thereafter, said original contract was copied and mailed to plaintiffs, together with a copy of the alleged assignment; that he had never contacted the purchasers of the Walker property and knew nothing of their financial ability to carry out their alleged contract to purchase the home of the Walkers.

Defendant Myers, vice-president of Welsh, testified to the effect that he and McClure called on the Wattsons and procured their signatures to the contract above referred to, Exhibit 1; that, at that time, the words "See attch," appeared in the contract; that witness explained to plaintiffs that the $500 deposit consisted, in fact, of money of the Walkers in the possession of Fletcher-Cowherd, as a part of the purchase price due Walkers on the sale of their home; and that said instrument was clipped to Exhibit 1 when same was signed by plaintiffs.

Both Mr. and Mrs. Wattson further testified to the effect that neither of defendants' agents told them that the $500 deposit mentioned in the contract consisted of money in the possession of Fletcher-Cowherd, represented by the alleged *assignment;* that the words "See attch" did not appear in the contract at the time plaintiffs signed it; that said assignment was not attached to Exhibit 1; that neither had ever seen same prior to the time of the taking of depositions in this case; that they would not have executed the sale contract had they not believed that defendant Welsh then had in its possession $500 earnest money, in cash, deposited by the Walkers.

The contract provided for forfeiture of the $500 deposit upon the failure of Walkers to perform.

Plaintiffs offered to prove actual damages sustained by them to the extent of $900, but the said offer was, upon objection by defendants, rejected.

Defendants contend that they, in good faith, sincerely believed that the assignment which they procured from the Walkers and which was "acknowledged" by Fletcher-Cowherd, was legally binding on Fletcher-

Cowherd and on the Walkers, and that plaintiffs would get the money under it in event the deal did not go through. They say they were not guilty of fraudulent representation as to the legal effect of the assignment; that the evidence does not prove that fact clearly and convincingly; and that, therefore, plaintiffs failed to make a submissible case for fraudulent representations.

The contract, signed by the parties, admittedly contained a clause to the effect that the Walkers had deposited $500 with defendant Welsh, which sum was to be forfeited if purchasers failed to perform the contract. Defendants say that the contract contained also the following: "See attch"; that a copy of the assignment was attached; and that this matter was fully explained to plaintiffs.

But plaintiffs testified to the effect that the words "See attch" did not appear on the original contract signed by them, that the written instrument referred to as an assignment was not attached to the contract, and that defendants' agents made no statement whatever to them, concerning the assignment.

There is a material difference between cash and credit, as the Persian Tentmaker observed long ago:

"Ah, take the cash and let the credit go,
Nor heed the rumble of a distant drum."

The facts here in evidence demonstrate the truth of the adage "A bird in hand is worth two in the bush." Plaintiffs were entitled to know, before signing the contract, that the Walkers had not deposited $500 with Welsh but had only signed an order on another realty firm to pay over that sum of funds which, so far as plaintiffs knew, might or might not be in the hands of said realtor, and which might or might not ever actually come into the hands of Welsh or of plaintiffs.

This case turns, not on the legal effect of the assignment, or of the good faith of Welsh in accepting the assignment, but on the truth of plaintiffs' testimony to the effect that the contract signed by them, which recited that the Walkers had deposited with Welsh $500 cash, contained no mention of an assignment, that it had no assignment attached to it, and that none of Welsh's agents ever told them that the deposit mentioned in the contract consisted of money in the hands of persons other than Welsh.

 The testimony of the witnesses on behalf of each of the parties relating to this issue was in sharp conflict. Had the trial judge believed the testimony of defendants' witnesses on this point the judgment should have been and probably would have been, for defendants; but the court found for plaintiffs and rendered judgment in accordance with such findings. He thereby resolved said conflict of evidence in favor of plaintiffs. We should defer to his decision on the weight of the evidence.

Defendants assert that fraudulent representations without proof of pecuniary damage will not support an action. They contend that there was no proof that plaintiffs suffered damages. They argue that, if the deal had gone through, plaintiffs would have been bound to pay Welsh $500 commission. The deal did not go through and defendants submitted no counterclaim. Defendants' contention in this regard must be disallowed.

 Defendants assert other grounds of error but none are supported by citations of authority and will be considered as abandoned.

The trial judge found the issues for plaintiffs on the pleadings and upon conflicting testimony. Since we cannot say that the judgment is clearly erroneous it should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.