**Etta H. Meadows LOMAX, Plaintiff-Appellant,**

v.

**Bob K. SAWTELL, Defendant-Respondent.**

No. 7411.

Springfield Court of Appeals.

Missouri.

Jan. 13, 1956.

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for plaintiff-appellant.

Sam M. Wear, William A. Wear, Springfield, for defendant-respondent.

STONE, Judge.

In this jury-tried case arising out of a vehicular collision, judgment was entered in the sum of $1,050 on plaintiff's petition and for plaintiff on defendant's counterclaim. By timely order specifying as one of the grounds therefor [Section 510.330 RSMo

1949, V.A.M.S.] "that the verdict was against the weight of the credible evidence," defendant's motion for new trial was sustained. Plaintiff appeals.

The collision occurred about 4:30 P.M. on July 11, 1950, at a "Y-junction" near Highlandville in Christian County, Missouri, where a blacktop highway (then designated and hereinafter referred to as Highway 123) branches from U. S. Highway 65. To simplify factual discussion, we assume that Highway 65, a "winding" two-lane blacktop road, runs in a general northerly and southerly direction, and thus that Highway 123 enters Highway 65 from a general northwesterly direction. The record is strangely silent as to the width of the blacktop on either highway. As plaintiff's 1950 Chrysler sedan, southbound on Highway 65, approached this "Y-junction" from the north, the driver (plaintiff's husband) was rounding a curve to his left. Defendant, driving a 1947 Chrysler convertible north-bound on Highway 65 and towing "a flat boat" on a two-wheel trailer, was approaching the "Y-junction" from the south on a straight stretch of road.

Plaintiff's husband testified that he was at all times on his right-hand or west side of the interrupted white center line on Highway 65; that, when he first observed defendant's approaching north-bound automobile then about 200 feet distant, it was on its right-hand or east side of Highway 65; but that, when the two vehicles were about 40 feet apart, defendant suddenly and without warning turned to his left, or to the west, directly in front of plaintiff's south-bound automobile, resulting in a collision which, as the parties agreed, was between the *right* front portions of the two vehicles.

Defendant's version of the occurrence was that, as plaintiff's approaching southbound automobile first came into view rounding the curve on Highway 65, it was "straddling the center line," "approximately half on one side and half on the other side"; that, after watching "for a second * * * expecting him (plaintiff's husband) to go

back on his side," defendant applied his brakes and, when "it seemed apparently we was going to hit, * * * turned to the left to avoid" the approaching vehicle; that an instant later, when plaintiff's automobile was "50 feet or so" from the point of impact, its driver "swerved back toward his own (right) side of the road"; but, that it was then "a little too late" to avoid the collision which, as defendant said, occurred "approximately in the center of the south-bound lane" and thus on defendant's left-hand side of Highway 65. Although the investigating trooper, a witness for plaintiff, testified that defendant had told him on the day of accident that "I (defendant) started to turn left onto Highway 123 when the accident happened," defendant insisted upon trial that he, a resident of Kansas City returning from a fishing trip to Branson, did not "know that Highway 123 existed," had intended to continue north on Highway 65, and had swerved to his left at the "Y-junction" only in an effort to avoid what, as defendant's companion put it, "would have been a head-on collision, practically" if both vehicles had continued in their respective courses without turning.

Confirming defendant's testimony that, as it came into view on the curve, plaintiff's south-bound automobile was "straddling the center line" of Highway 65, witness Scroggins, the driver of a Ford 1½ ton truck north-bound on Highway 65 about 200 feet behind defendant's automobile, said that "I (Scroggins) took for the shoulder on the right (east) side to give (plaintiff's automobile) plenty of room to get by" while defendant "took to the left." Although all of the wheels of Scroggins' truck were off the blacktop when he stopped about 100 feet south of the point of impact, he explained that, at or near the place where defendant swerved to his left, there was "a bunch of junction signs" on the right shoulder, which was "awful narrow" at that point, and that, if defendant "had swung" to his right, Scroggins "believed" that defendant "would have hit some * * * obstruction."

Defendant, himself, stated that "you couldn't drive completely off on the (east) shoulder." In answer to an inquiry by his attorney as to whether plaintiff's automobile "was far enough over that you couldn't have passed without colliding," defendant thought that "I might have been able to do it, but I wouldn't want to have tried it"; and, when his attorney sympathetically suggested that "you were doing everything within your power, with the means at hand, to avoid the collision by putting on your brakes and turning to the left," defendant quickly agreed, "yes, sir, I was." When witness Morrow, the passenger in defendant's automobile, was asked by defendant's counsel, "after you spotted this (plaintiff's) car straddling the center line, was there any place for you to go on the right," Morrow replied "no, sir" and added that "I know there was a mail box there" and "I believe there is a culvert there." Although some of the foregoing testimony might have been excluded on timely and appropriate objections or motions to strike, all of such evidence was properly for consideration in the absence of any such objection or motion. Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539(4); DeMoulin v. Roetheli, 354 Mo. 425, 189 S.W.2d 562, 565(3); Steeley v. Kurn, 348 Mo. 1142, 157 S.W.2d 212, 213(4); Doyle v. St. Louis Merchants' Bridge Terminal Ry. Co., 326 Mo. 425, 31 S.W.2d 1010, 1012(4), certiorari denied 283 U.S. 820, 51 S.Ct. 345, 75 L.Ed. 1435; Vosburg v. Smith, Mo.App., 272 S.W.2d 297, 302(9); Cox v. Frank L. Schaab Stove & Furniture Co., Mo.App., 83 S.W.2d 211, 216(4); Ridenhour v. Oklahoma Contracting Co., Mo.App., 45 S.W.2d 108, 112(4).

Plaintiff's assignment of error, with which we are now concerned, is that "the trial court abused its discretion in holding that the verdict was against the weight of the evidence." The broad inherent discretion, with which the trial court is invested, to grant one new trial upon the ground that the verdict is against the weight of the evidence [Section 510.330 RSMo 1949, V.A.M.S.; Dawson v. Scherff, Mo., 281 S.W.2d 825, 831(6); Hoppe v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 349(3), 23 A.L.R.2d 846] should not be exercised in an arbitrary or unreasonable manner [Graves v. Atchison, T. & S. F. Ry. Co., 360 Mo. 167, 227 S.W.2d 660(1); Goodwin v. Winston, Mo.App., 230 S.W.2d 793, 798(7)]; but, repeated judicial pronouncements have made it crystal clear that the test as to whether there has been arbitrary exercise of such inherent discretion is whether there was substantial evidence to have supported a verdict for the party to whom the new trial was granted. If there was, the appellate court will not interfere. Liddle v. Collins Construction Co., Mo., 283 S.W.2d 474, 477(1); Dawson v. Scherff, supra, 281 S.W.2d loc. cit. 831; Dowdell v. Hassett, Mo., 247 S.W.2d 691, 693(2); Burr v. Singh, 362 Mo. 692, 243 S.W.2d 295, 300(9); Happy v. Walz, 358 Mo. 56, 213 S.W.2d 410, 412(2); Kopp v. Traders Gate City Nat. Bank, 357 Mo. 659, 210 S.W.2d 49, 50(2); Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d 297, 300(16); Rosenblum v. St. Louis Public Service Co., Mo.App., 242 S.W.2d 304, 305(1); Hoefel v. Hammel, Mo.App., 228 S.W.2d 402, 405(4).

Our task is simplified and our duty is made plain by the fact that, in her brief on appeal, plaintiff does not challenge the sufficiency of the evidence to have supported a verdict for defendant. On the contrary, plaintiff's argument on appeal that "the testimony of the witnesses presented a true and simple question of fact for the jury," that "the jury had the right to determine if the defendant and his witnesses were truthful and correct in their versions of the accident," and that "it was up to the jury to decide which testimony they believed to be correct" necessarily recognizes that defendant made a submissible case on his counterclaim.

Supreme Court Rule 1.08 contemplates "a particularization in statement

of the points relied upon and the citation of authorities to the specific point to which they apply" [Wipfler v. Basler, Mo., 250 S.W.2d 982, 985(4); Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W. 2d 96, 102(11)]; and, in application of Rule 1.08, our courts hold that, even where error is assigned in the overruling of a motion for directed verdict, nothing is presented for review where no reason is specified in support of the point [Gurley v. St. Louis Public Service Co., Mo., 256 S.W.2d 755, 756(1); State ex rel. and to Use of P. W. Finger Roofing Co. v. Koch, Mo. App., 272 S.W.2d 22, 25(1, 2)] and that, in any event, a point not supported by citation of authorities will not be considered. Atkinson v. Coca-Cola Bottling Co., Mo. App., 275 S.W.2d 41, 46(5); Wattson v. James B. Welsh Realty & Loan Co., Mo. App., 266 S.W.2d 35, 37(2). A fortiori, the sufficiency of the evidence to have supported a jury verdict for defendant in the instant case is not preserved for review by plaintiff's assignment that "the trial court abused its discretion in holding that the verdict was against the weight of the evidence," to which one case [Hoppe v. St. Louis Public Service Co., supra] is cited in support of the argument that an appellate court may set aside an order granting a new trial on the weight of the evidence "if it appears that the trial court's discretion * * * was abused and arbitrarily exercised."

In short, plaintiff's "conduct of the case here is a concession" that, if the jury had returned a verdict for defendant, the evidence would have been sufficient to have supported it. Clooney v. Wells, Mo., 252 S.W. 72, 73-74(1). Consult also Rukavina v. Accounts Supervision Corp., Mo.App., 237 S.W.2d 503, 506(2); 4 C.J.S., Appeal and Error, § 1343, p. 1936. Accordingly, we are constrained to conclude that we may not disturb the order granting a new trial on the ground "that the verdict was against the weight of the credible evidence;" and it thus becomes unnecessary

for us to discuss and rule the other grounds specified in the order. Sawyer v. Winterholder, Mo., 195 S.W.2d 659, 662.

The order granting a new trial is affirmed and the cause is remanded.

McDOWELL, P. J., and RUARK, J., concur.