**Ray CLINTON and Charles R. Conn,
Plaintiffs-Respondents,**

v.

**George STAPLES, Jr., Defendant-Appellant.**

No. 8667.

Springfield Court of Appeals.

Missouri.

Dec. 7, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 4, 1968.

Application for Transfer Denied
Feb. 12, 1968.

W. Clifton Banta, Charleston, for defendant-appellant.

Dempster, Edwards & Robison, Sikeston, for plaintiffs-respondents.

TITUS, Judge.

Plaintiffs and defendant were financiers and promotor, respectively, of a shopping center in Poplar Bluff, Missouri. The venture eventually aborted and this appeal by defendant from an adverse judgment entered in a court-tried case hosted by the Circuit Court of Mississippi County is the apparent sole survivor of the undertaking.

Defendant had procured real estate options before the parties reached their "understanding" on the center. He later obtained additional options and contracts. On February 15, 1956, plaintiffs gave defendant $6,000 and defendant assigned his interest in the options to the plaintiffs. All agree that $3,500 of the $6,000 was to reimburse defendant for what he had paid or advanced for the options and contracts. The *reason* the extra $2,500 was paid defendant by plaintiffs constitutes the principal factual fester in this case. Defendant is adamant the $2,500 was profit legitimately due him on the sale of his options to plaintiffs. Defendant categorically denies, as plaintiffs urge, the $2,500 represented an advance on commissions he may have earned had the shopping center become a reality and which he agreed to repay if the adventure came to naught. Plaintiffs insist many demands were made of defendant to repay the $2,500, whereas defendant testified the only request he could recall came on the day he signed the promissory note now in litigation.

On the morning of December 18, 1958, plaintiffs called upon defendant at his home and discussed repayment of the $2,-500. Although defendant related "I told them that I did not owe them anything," he telephoned his lawyer to prepare a $2,-500 note payable to plaintiffs in ten semi-annual installments of $250 commencing

July 2, 1959. That afternoon defendant signed the note in his counselor's office and it was subsequently mailed to plaintiffs by the attorney as defendant directed. Defendant defaulted and plaintiffs filed a suit on the note which they dismissed without prejudice on September 13, 1960, when defendant remitted $750 to bring the note payments to date. Thereafter defendant, verbally and in writing, assured plaintiffs he would pay the balance of the note, but when he reneged, plaintiffs filed this second action on the note and obtained a $2,334.50 judgment which represents the balance of the principal, interest and attorney fees due thereon. The judgment additionally favored plaintiffs on both counts of defendant's counterclaim.

■ Defendant answered the "note was given to plaintiffs" and the $750 payment thereon was made "wholly without consideration." The initial count of the counterclaim averred defendant's entitlement to a refund of the $750 note payment and supplicated judgment against plaintiffs in that sum. Defendant petitioned a $3,780 judgment against plaintiffs in the second portion of the counterclaim for unpaid commissions allegedly due under a parol lease-negotiating contract. On this appeal defendant excepts to and by brief challenges only the judgment of the trial court as it relates to the petition and Count One of the counterclaim. Ergo, we treat and consider all issues involved with Count Two of the counterclaim as forsaken. V.A.M.R. 83.05(a) and (e); Mound City Supply Company v. Woodland Development Corp., Mo.App., 414 S.W.2d 805, 807–808(3); Hastings v. Coppage, Mo., 411 S.W.2d 232, 235(3); Brackett v. Easton Boot and Shoe Company, Mo., 388 S.W.2d 842, 844(1).

■ Defendant's charge of failure of consideration is an affirmative defense and his counterclaim seeking refund of the $750 was an independent cause of action. The burden of proof attending both was upon defendant. V.A.M.R. 55.10; V.A.M.

S. § 509.090; Town & Country Shoes Federal Credit Union v. Cramer, Mo.App., 350 S.W.2d 281, 285(5); Cross v. Robinson, Mo.App., 281 S.W.2d 22, 26(9). Without recourse, defendant placed all his affirmative and defensive proverbial eggs in a single basket by insisting the reason, and the only reason, no consideration existed for either the note or the payment was that the $2,500 paid him constituted profit on the sale of the options. Plaintiffs, by denying this and advancing their own divergent reason for the payment, immediately confronted the fact finder with the task of determining whose testimony was the more plausible. Defendant by brief says if his evidence be "believed by the court" his position should be sustained. We need not now pause to dispute this conclusion but neither may we be heedless of the fact a court may decline to believe the testimony of any party. Southwestern Bell Tel. Co. v. Crown Insurance Co., Mo.App., 416 S.W.2d 705, 711(6). Where, as here, the cleavage in the testimony of a court tried case is acute, we cede great deference to the advantageous position of the knowing and skilled trial judge to digest the deportment of the witnesses, appraise their attitudes and interpret their inclinations in the cause. Though we are bound to arrive at our own determination after a resurvey of the law and the evidence, the trial court's judgment "shall not be set aside unless clearly erroneous." V.A.M.R. 73.01(d); V.A.M.S. § 510.310, subd. 4; Harrison v. Harrison, Mo.App., 417 S.W.2d 39, 43(3); Midwestern Realty Corp. v. City of Grandview, Mo.App., 416 S.W.2d 35, 39(6); Wynn v. McMahon Ford Company, Mo.App., 414 S.W.2d 330, 335–336(4–5).

Defendant was no babe in the business world woods. He pictured himself as being "in the shopping center development business" and one who had "put several shopping centers together." In the matter concerned, he bargained for and secured real estate options and contracts, some of which were subject to escrow handling, and additionally negotiated for shopping

center leases with representatives of nationally known business corporations. Armed with this information, any bent for credulity possessed by the trial court would be corrected when a man of defendant's acumen testified: (a) he did not advise the lawyer who drew the note or his able defense counsel in the first suit on the note concerning the "facts" he so readily recounted in the present cause, and (b) with full knowledge of the absence of any obligation to plaintiffs in any sum, he voluntarily executed and delivered to them a $2,500 promissory note, made a payment thereon of $750, and repeatedly promised to pay the balance thereof. No findings of fact were requested or filed. Consequently, we are uncertain the learned fact finder resolved the case simply upon disbelief of defendant's evidence. Nevertheless, if this was the sole ground for the judgment, we cannot say it was clearly erroneous.

██ If, as defendant assures, he knew on the date he executed the note "I did not owe them [plaintiffs] anything," he is presumed to have been possessed of the same knowledge on the day he made the $750 payment. Miller v. Plains Insurance Company, Mo.App., 409 S.W.2d 770, 775(9); 1 Merrill on Notice, Sections 37 and 43. The payment, therefore, was not made at a time defendant thought he was obligated to pay [Meissner v. Standard Ry. Equipment Co., 211 Mo. 112, 109 S.W. 730, 737(17)] or by reason of a mistake of fact or because of a mutual mistake. Delmar Bank of University City v. Douglas, Mo.App., 366 S.W.2d 80, 83(1, 2). No contention is advanced the payment was induced by fraud or duress, and in such circumstances "a payment, even of an illegal demand, voluntarily made with full knowledge of the facts cannot be recovered." Staples v. O'Reilly, Mo.App., 288 S.W.2d 670, 676(14) and cases there cited in footnote 11. In any event, it would appear the judgment nisi denying recovery to defendant on Count One of the counterclaim is correct.

██ Plaintiffs' evidence supported their theory the $2,500 given defendant was an advance on commissions to be earned negotiating leases with shopping center tenants, but if the shopping center was not completed (which would render the leases inoperative) defendant agreed to repay the advancement. Defendant unequivocally denied this was so, but now urges that even if we reject his testimony and accept plaintiffs' evidence, he is, nonetheless, entitled to a judgment on the petition and Count One of the counterclaim. However, defendant is not entitled to predicate a recovery under the counterclaim on a theory contrary to and entirely incompatible with his own positive evidence. Hopkins v. Sefton Fibre Can Company, Mo. App., 390 S.W.2d 907, 911(2). It is also indicated a defendant may not rely on a defense which has been directly repudiated by his own testimony. Martin v. Kansas City, Mo., 340 S.W.2d 645, 647(1); Davis v. Breithaupt, Tex.Civ.App., 400 S.W.2d 390, 393(2); Miller v. Miles, Tex.Civ.App., 400 S.W.2d 4, 10(13); 32A C.J.S. Evidence § 1040(3) at p. 778. Be that as it may, we look further.

██ The principle seemingly relied on by defendant is "When the contract contains no agreement, express or implied, on the subject of repayment, the great weight of authority supports the view that where advances are to be charged to and deducted from the commissions agreed to be paid to the agent as they accrue the principal cannot recover from the agent the excess of advances over commissions earned, and the principal is limited to the commissions actually earned for recoupment of the excess." Hamilton Fire Insurance Co. v. Cervantes, Mo.App., 278 S.W. 2d 20, 25(8), and cases cited. Defendant argues that if the $2,500 was an advance commission he was under no personal obligation to repay because the sum was only repayable from commissions that were to be earned and no consideration existed for either the note or the payment he made on the note. This ignores plaintiffs' evidence

(which defendant says we may accept) the contract did, in fact, contain an agreement on defendant's part to personally repay the $2,500 if the shopping center was not activated. More importantly and to the point, the authorities, supra, "we think, do not support defendant's contention in the instant case, since by the notes in suit defendant expressly promised to repay to plaintiff[s] the amounts thus advanced to him." Missouri State Life Ins. Co. v. Allen, Mo.App., 251 S.W. 751, 753.

The judgment of the trial court is affirmed.

HOGAN, P. J., and STONE, J., concur.