**C. G. SANDERSON, Plaintiff-Appellant,**

**v.**

**Clyde E. RICHARDSON, the American Cancer Society, Missouri Division, Inc., a nonprofit corporation, the National Tuberculosis Association, Inc., the American Heart Association, Inc., and the Missouri Society for Crippled Children, Defendants-Respondents.**

**No. 8744.**

Springfield Court of Appeals.

Missouri.

Oct. 4, 1968.

George B. Scott, Jr., Ted M. Henson, Jr., Poplar Bluff, for plaintiff-appellant.

Dalton, Treasure & Bullard, Kennett, for defendants-respondents, National Tuberculosis Ass'n, Inc., and American Heart Ass'n, Inc.

STONE, Judge.

In this action to contest the will of Wilton L. Sanderson, a widower who resided in Butler County, Missouri, and there died on August 11, 1966, plaintiff C. G. Sanderson, a brother, appeals from the judgment of the Circuit Court of Butler County entered on August 29, 1967, which dismissed plaintiff's petition with prejudice in response to a motion to dismiss theretofore filed by defendants National Tuberculosis Association, Inc., and American Heart Association, Inc.

(sometimes hereinafter referred to jointly as *the served legatees-defendants*), two of the beneficiaries named in the will, on the grounds (a) that plaintiff had failed to secure and complete service upon all parties defendant within sixty days after the filing of the petition and had not shown good cause for such failure [§ 473.083(4)] and (b) that the Poplar Bluff Public Library, one of the beneficiaries named in the will, had not been joined as a party defendant or served with process within the prescribed period of sixty days after institution of suit. (All statutory references are to RSMo 1959, V.A.M.S.) On this appeal, plaintiff's points are (1) that "the trial court erred in its findings that plaintiff did not have good cause for failure to secure and complete service" and (2) that "the Poplar Bluff Public Library was not a necessary party defendant."

Our duty to consider and determine our appellate jurisdiction, in every case our first responsibility [Allen v. Smith, Mo.App., 375 S.W.2d 874, 878(1); Morrow v. Caloric Appliance Corp., Mo.App., 362 S.W.2d 282, 283(2)], is emphasized here by the unusual circumstance that all interested counsel have, at one time or another, been on both sides of the jurisdictional fence. Of course, *plaintiff's* notice of appeal brought the case to this court. Subsequently, *the served legatees-defendants* filed a motion to transfer the cause to the Supreme Court on the ground that the amount in dispute exceeds $15,000. Art. V, § 3, Const. of 1945, V.A.M.S.; § 477.040. In that motion, counsel pointed out that plaintiff had averred in his petition that the testator "was at the time of his death possessed of . . . property . . . of the value of approximately $200,000," and that the executor's (defendant Richardson's) sworn application for letters testamentary filed in the Probate Court of Butler County during August 1966 had recited that "the probable value of deceased's estate" was $225,000; and, in support of their statement "that the net value of the estate . . . after payment of all demands exceeds $15,000," counsel attached to the motion to transfer a certified copy of the annual settlement of defendant Richardson, as "pendente lite administrator," filed in and approved by said probate court during August 1967, which showed that said administrator then held assets of the estate, consisting entirely of personalty, having an aggregate value of $81,215.08. Thereafter, *plaintiff* filed in this court a written "Confession" of the served legatees'-defendants' motion to transfer and joined in the request that the cause be transferred to the Supreme Court.

■ However, appellate jurisdiction cannot be conferred by agreement or consent [Bock v. Sheahan Investment Co., Mo., 412 S.W.2d 393, 395(1); Juden v. Houck, Mo., 228 S.W.2d 668, 669(2); Kansas City v. Howe, Mo.App., 416 S.W.2d 683, 686(2)]; and, after the transcript on appeal was filed with our clerk, the parties were notified that the confessed motion to transfer would be taken with the case. When in due time printed briefs were filed, counsel for *the served legatees-defendants* stated with commendable candor that, upon further investigation of the law, they were inclined to the view that their motion to transfer had been ill-advised and that the case should remain here. With this most recent expression of opinion, we agree.

■ This is a court of general appellate jurisdiction but the Supreme Court has only such limited appellate jurisdiction as is specifically conferred by the Constitution. Art. V, §§ 3 and 13, Const. of 1945; Fisher v. Lavelock, Mo., 282 S.W.2d 557, 560(2); State ex rel. Thompson v. Roberts, Mo., 264 S.W.2d 314, 317(3). For the appellate jurisdiction of the Supreme Court to attach because of the amount in dispute, the record made in the trial court [Holland v. City of St. Louis, Mo., 262 S.W.2d 1, 3(2), 4(6); Barksdale v. Morris, Mo., 224 S.W.2d 84, 86(3); Yacobian v. J. D. Carson Co., Mo. App., 205 S.W.2d 921, 922(1)], as embodied in the transcript on appeal [Snowbarger v. M.F.A. Central Cooperative, Mo., 317 S.W. 2d 390, 393; In re Boeving's Estate, Mo. App., 388 S.W.2d 40, 43(4)], must show af-

firmatively and with certainty that, regardless of all contingencies, the amount in dispute exceeds $15,000, exclusive of costs. Jackson County Public Water Supply Dist. No. 1 v. Ong Aircraft Corporation, Mo., 388 S.W.2d 893, 895–896(2); Long v. Norwood Hills Corp., Mo., 360 S.W.2d 593, 596(3); Warmack v. Crawford, Mo., 192 S.W.2d 406, 407(2); Higgins v. Smith, 346 Mo. 1044, 1047, 144 S.W.2d 149, 151(6).

■ In a will contest, "[i]t is the *'net value of the estate'* that fixes jurisdiction on appeal . . . ." Pasternak v. Mashak, Mo., 383 S.W.2d 760, 761(3). (All emphasis herein is ours.) Instant plaintiff pleaded no more than that the testator *"was at the time of his death possessed* of . . . property . . . of the value of approximately $200,000"; and, at the two hearings on the served defendants' motion to dismiss, the only bit of evidence pertaining to the value of the estate was the hereinbefore-noted recital in the executor's application for letters testamentary as to *"the probable value* of deceased's estate." Even the certified copy of the annual settlement of defendant Richardson, as "pendente lite administrator," not offered in evidence in the trial court, not included in the transcript on appeal, and not properly for consideration here, showed no more than that said administrator then held assets having an aggregate value of $81,215.08. In these circumstances, it may not be said that the transcript shows affirmatively and with certainty that, regardless of all contingencies, *the net value* of the testator's estate is in excess of $15,-000. Pasternak v. Mashak, supra, 383 S.W.2d at 761. Being satisfied that the appeal is properly lodged here, we turn to the facts bearing upon the merits.

In his will executed on July 16, 1962, testator (a) directed payment of his just debts and expenses of his last illness and funeral, (b) bequeathed "all of my books and such of my pictures as may be desired" to the Poplar Bluff Public Library, (c) bequeathed the residue of his estate "in four equal shares" to "1. American Cancer Society, Missouri Division, Inc. 2. National Tuber-culosis Association, New York, New York. 3. American Heart Association, Inc., 44 East 23rd, New York 10, New York. 4. The Missouri Society for Crippled Children," with a positive direction to his executor to sell all tangible property in his estate that said bequests might be paid in cash, and (d) appointed defendant Richardson as executor.

The will was admitted to probate on August 17, 1966. Shortly prior to expiration of the nine-month statutory period within which an action to contest the will might have been filed [§ 473.083(1)], to wit, on May 15, 1967, this suit was instituted in the Circuit Court of Butler County against defendant Richardson, the executor, and the four residuary legatees. In the caption of plaintiff's petition precisely as in the will, the name of defendant National Tuberculosis Association was followed by the address "New York, New York," and the name of defendant American Heart Association, Inc., was followed by the address "44 East 23rd, New York 10, New York," while no addresses followed the names of defendants American Cancer Society, Missouri Division, Inc., and The Missouri Society for Crippled Children. Summonses were issued and on May 16, 1967, served upon defendant Richardson personally and upon defendants National Tuberculosis Association and American Heart Association, Inc., under § 351.630; but no summons was issued to, and no service was had upon, defendants American Cancer Society, Missouri Division, Inc., or The Missouri Society for Crippled Children. On June 17, 1967, defendant Richardson filed his separate answer. No other pleading was filed until July 18, 1967, when the two served legatees-defendants interposed their motion to dismiss plaintiff's petition on the grounds hereinbefore particularized in the opening paragraph of this opinion.

Plaintiff and the served legatees-defendants appeared by counsel at hearings on July 25 and August 22, 1967, and offered the hereinafter-outlined evidence bearing upon the issue as to whether plaintiff had shown "good cause for failure to secure and

complete service" on all defendants within sixty days after the filing of plaintiff's petition on May 15, 1967. § 473.083(4). Two documents from the file pertaining to administration of the testator's estate in the Probate Court of Butler County, i. e., (1) defendant Richardson's application for letters testamentary dated August 16, 1966, and (2) his subsequent request as executor, dated October 18, 1966, for service of notice by the probate clerk upon the legatees in connection with a sale proceeding, were offered and received in evidence. Both of those documentary exhibits contained the names and addresses of all legatees in the testator's will, consisting of the specific legatee, "Poplar Bluff Public Library," whose address was shown in the application for letters as "Poplar Bluff, Missouri" and in the request for service of notice as "320 North Main, Poplar Bluff, Missouri," and the four residuary legatees including the two never summoned or served, namely, "American Cancer Society, Missouri Division, Inc., 3728 Washington, St. Louis, Mo." and "The Missouri Society for Crippled Children, 1530 S. Big Bend Blvd., St. Louis, Mo." One of plaintiff's attorneys (hereinafter referred to as A) testified that he had examined the probate file "several weeks before [suit had been filed] or even longer," as he first suggested, or "before the election in November . . . 1966," as he later indicated. He did not know whether or not the addresses of all legatees were in the probate file at the time of such examination but, if they were, he did not find them.

Regardless of that, the deputy circuit clerk of Butler County testified that "sometime in June" 1967, and thus well within the period of sixty days after the filing of plaintiff's petition on May 15, 1967, she had telephoned A's office and had reminded his secretary that service had not been "attempted" on *two* defendants, the Cancer Society and the Society for Crippled Children, and that the secretary had said she would pass the message to her employer. A's remembrance was that he had been told the clerk's office was asking for an address for *one*

defendant, the Cancer Society. In any event, *no* address was furnished for *either* the Cancer Society or the Society for Crippled Children.

A's excusatory explanation of his failure to respond to the deputy clerk's request is embodied in the following answer reflecting his "understanding" of what had occurred in "a meeting . . . not a formal hearing" in the Probate Court of Butler County, at which the probate judge, A and his co-counsel representing plaintiff, defendant Richardson's attorney, and one of the attorneys representing the served legatees-defendants (hereinafter referred to as B) were present, on a date fixed no more definitely than that it was (so A thought) "shortly" after the deputy circuit clerk's telephone call to A's secretary: "There was a general conversation, [B], as I recall, was asked what his representation was, and interest in the matter, and I understood him to testify or state, not necessarily testify, that he was representing the charitable organizations which were involved as defendants in this matter, the T. B. Association and others, and that he had, or would shortly file, or would probably file pleadings in the matter."

B's testimonial account of what had occurred at the same meeting was: "At that time I had not been retained by any of the beneficiaries under the will, except the Missouri Society for Crippled Children, and my recollection of the conversation there, [A] asked me who I represented, and I said I represented the Missouri Society for Crippled Children. I do not recall any conversation regarding representation of the other charities. I did not represent them at that time. Subsequent to that, I was retained to represent them. I do not recall any testimony or any conversation regarding the filing of pleadings . . . . "

In considering and resolving the determinative question whether the trial court abused its discretion in holding that plaintiff had not shown good cause for failure to secure and complete service within sixty

days after the filing of his petition [§ 473.-083(4)], certain basic principles of appellate review should be recalled. Where, as here, no findings of fact or conclusions of law were requested or made by the trial judge, on appeal all fact issues are deemed to have been found in accordance with the result reached. V.A.M.R. 73.01(b); § 510.310 (2); McCullough v. Newton, Mo., 348 S.W.2d 138, 142(2); Sando v. Phillips, Mo., 319 S.W.2d 648, 652(9); Brusca v. Gallup, Mo.App., 429 S.W.2d 780, 782(4); Listerman v. Day and Night Plumbing & Heating Service, Inc., Mo.App., 384 S.W.2d 111, 120 (12). And although, in this court-tried proceeding, it is our duty to review the case upon both the law and the evidence as in suits of an equitable nature, we are directed to accord due regard to the superior opportunity of the trial court to judge of the credibility of the witnesses, and we are enjoined from setting aside the judgment nisi unless it is clearly erroneous. V.A.M.R. 73.01(d); § 510.310(4); Rothenhoefer v. City of St. Louis, Mo., 410 S.W.2d 73, 75(2); Schroeder v. Prince Charles, Inc., Mo., 427 S.W.2d 414, 420(7, 8); Harris v. Harris, Mo.App., 427 S.W.2d 770, 771(1); Clinton v. Staples, Mo.App., 423 S.W.2d 1, 3(4, 5); Schreck v. Parker, Mo.App., 388 S.W.2d 538, 545(15, 16).

As showing good cause for his failure to secure and complete service within the statutory period [§ 473.083(4)], plaintiff here relies upon the above-recorded account of his attorney A concerning the "general conversation" during "a meeting" in the probate court "shortly after" the deputy circuit clerk's telephone call to A's secretary (of which A admittedly was advised), when attorney B "as I [A] recall, was asked what his representation was, and interest in the matter, and *I understood him to* testify or *state,* not necessarily testify, *that he was representing the charitable organizations which were involved as defendants in this matter . . . and that he had, or would shortly file, or would probably file pleadings in the matter.*" In this, plaintiff leans on the single frail testimonial reed of one witness' "understanding" of what another witness had said, all the more fragile by reason of the fact that such "understanding," as embodied in the italicized portion of A's account of the meeting, when read literally and without insertion, intercalation or interpolation, did not charge B with having made any representation or promise that he would enter the voluntary appearance of all of the residuary legatees by the filing of pleadings or otherwise.

■ Furthermore, even though A's "understanding," whatever it might have been, properly was for consideration since it was received in evidence without objection or motion to strike [Steeley v. Kurn, 348 Mo. 1142, 1144, 157 S.W.2d 212, 213(3); In the Interest of J.L.L., Mo.App., 402 S.W.2d 629, 633–634(1); Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 42(1)], its probative worth and value were for the circuit court as the trier of the facts. Day v. Mayberry, Mo.App., 421 S.W.2d 34, 40(9), and cases there cited. In other words, insofar as the testimony of A and B reflected a difference of recollection between them as to what was said at the meeting in the probate court, particularly unfortunate and regrettable as any such difference between members of the bar always is, the trier of the facts was at liberty to reject A's account [Clinton v. Staples, supra, 423 S.W.2d at 3(3)] and to accept B's version; and, as we have noted, on appeal any such issue of fact must be deemed to have been so found in accordance with the general finding and judgment for defendants. V.A.M.R. 73.01(b); § 510.310 (2); and cases cited supra.

■ " 'In this country, the right to contest a will . . . does not exist independently of statutory authority, and can be exercised only in accordance with and within the limits prescribed by statute.' " Blatt v. Haile, Mo., 291 S.W.2d 85, 88; 57 Am. Jur. Wills § 759, pp. 519–520. See First Presbyterian Church of Monett v. Feist, Mo.App., 397 S.W.2d 728, 732. Section 473.083 confers jurisdiction upon the circuit court to entertain will contests, and af-

ter the lapse of the periods prescribed therein the court no longer has jurisdiction over the subject matter of the contest. Blatt v. Haile, supra, 291 S.W.2d at 89(3); Miller v. Munzer, Mo.App., 251 S.W.2d 966, 971; 3 Bowe-Parker: Page on Wills, § 26.48, pp. 103–104. Hence, "in the absence of *a showing by the plaintiff of good cause* for failure to secure and complete service" [§ 473.-083(4)] within sixty days after the filing of plaintiff's petition on May 15, 1967, to wit, on or before July 14, 1967, the court was required to enter a judgment of dismissal; and, under the statute the affirmative of the issue as to good cause vel non, and thus the burden of proof on that issue, rested upon plaintiff. Stallcup v. Williamson, 361 Mo. 440, 446, 235 S.W.2d 318, 321 (1); Frank v. Wabash Railroad Co., Mo., 295 S.W.2d 16, 22(12); 31A C.J.S. Evidence § 104 a, p. 168. With all of the foregoing in mind, we cannot say that the trial court abused its judicial discretion or that the judgment nisi was clearly erroneous. Code v. Smith, Mo., 370 S.W.2d 307; Blatt v. Haile, supra; Hanna v. Sheetz, 240 Mo.App. 385, 205 S.W.2d 955.

The foregoing being dispositive of the appeal, we need not treat at length of the other point discussed in both briefs, i. e., whether dismissal was proper for plaintiff's failure to join the specific legatee, Poplar Bluff Library Association, as a party defendant and to secure and complete service upon the Association within sixty days after the filing of plaintiff's petition. Suffice it to say that, in our opinion, the judgment of dismissal must stand for that reason also. Kinsella v. Kinsella, 353 Mo. 661, 668, 183 S.W.2d 905, 907(4, 5); Blatt v. Haile, supra, 291 S.W.2d at 89(5). See State ex rel. Eagleton v. Hall, Mo. (banc), 389 S.W.2d 798, 800(1); Eddie v. Parke's Executor, 31 Mo. 513. In Donnan v. Donnan, Mo., 264 S.W.2d 318, the only case cited to this point in plaintiff's brief, the judgment for contestants in a will contest was not void because testator's widow, a beneficiary in the will, was not a party to the action where she testified that she had renounced the will, had exercised her statutory right of election, and was asserting no claim or interest under the will. The facts in the instant case, as reflected by the transcript on appeal, afford no basis for application of that holding here.

The judgment of dismissal is affirmed.

HOGAN, P. J., and TITUS, J., concur.