**Paul E. WHITEHEAD and Dixie Whitehead, his wife, Plaintiffs-Appellants,**

v.

**Jesse MARTIN, Defendant-Respondent.**

No. 33234.

St. Louis Court of Appeals. Missouri.

Sept. 16, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 14, 1969.

Springfield Baldwin, St. Louis, for plaintiffs-appellants.

Dearing, Richeson, Roberts & Wegmann, J. Richard Roberts, Hillsboro, for defendant-respondent.

SMITH, Commissioner.

This is an appeal from a jury verdict and judgment in favor of defendant and against the husband and wife plaintiffs in an automobile accident case. Only two matters are presented by plaintiffs on this appeal.

The plaintiff-husband was a passenger in a car rear-ended by defendant. He sought $9500.00 for personal injuries; wife sought $500.00 for loss of consortium. The driver of the vehicle in which the husband was riding was originally a defendant, but the court granted his motion for summary judgment, and no appeal has been taken from that action. Although a rear-end

collision was involved, there was substantial evidence from which a jury could have concluded that defendant was not negligent. The testimony established that defendant was unable to stop his vehicle because of the presence on Howard Street in St. Louis of a thin sheet of ice, which was not readily discernible by drivers of vehicles. All the testimony, including that of plaintiff, defendant, plaintiff's driver, and the other passengers in the vehicle in which plaintiff was riding, was that no other road which they had traversed that morning had any ice, or was even slick. Additionally, there was substantial evidence on the question of whether the husband had been injured at all, and if so, how seriously.

■ Plaintiffs complain of the giving of defendant's instructions 4 and 6, citing Murphy v. Land, Mo., 420 S.W.2d 505. Plaintiffs' motion for new trial contained only one reference to these instructions, in the following language: "The court erred in submitting instructions 4 and 6 to the jury because said instructions were against the law." No specific objections to the instructions were made before submission of the case. Under 79.03 V.A.M.R. specific allegations of error in instructions must be set forth in the motion for new trial or made before submission of the case. The claimed error has not been preserved, nor does it amount to plain error, if error at all. Richardson v. Cope, Mo., 370 S.W.2d 318 [2]; Vinyard v. Vinyard Funeral Home, Inc., Mo.App., 435 S.W.2d 392 [4–6].

■ Plaintiffs seek a new trial based upon a claimed erroneous ruling on evidence. Dr. Donnell, who had treated the husband, was called by defendant. During direct examination he identified a letter from his files prepared by Dr. Scheer, to whom Dr. Donnell had referred the husband for orthopedic examination. Plaintiffs objected to the reading of any portion of the letter by Dr. Donnell on the basis that the report was hearsay. Defendant contended the report was a business record

of Dr. Donnell, and the court overruled plaintiffs' objection. Plaintiffs then made a specific objection to a portion of the letter setting forth Dr. Scheer's opinion that settlement of the law suit would improve the symptomatology. This objection was sustained and that part of the letter was not read to the jury. This was the only objection to specific portions of the letter. To warrant reversal two elements must appear. The ruling must be erroneous, and the error must be prejudicial. It was error to admit the letter. The mere presence of a document in the files of a witness does not make the document admissible under the Business Records statute (Sec. 490.660 et seq. RSMo 1959, V.A.M.S.). No witness familiar with the method of preparation of the report identified it or testified to its method of preparation. Dr. Scheer's deposition, read to the jury after admission of the letter refers to a letter sent by him to Dr. Donnell, but again no testimony on the method of preparation was adduced. Nor was the letter referred to by Dr. Scheer ever identified. Section 490.680 requires testimony as to the mode of preparation and the identity of the document. State v. Anderson, Mo., 413 S.W.2d 161 [7]; Ellis v. State Department of Public Health & Welfare, Mo.App., 277 S.W.2d 331 [8–11], aff'd. 365 Mo. 614, 285 S.W.2d 634.

However, for two reasons we cannot find the admission of the letter prejudicial. First, the jury here returned a verdict for defendant. It is possible, of course, that in arriving at that verdict they could conclude that the husband suffered no injury in the accident. Had this letter indicated or inferred that plaintiff received no injury at all in the accident it might have affected the verdict. But the most that can be said of the letter is that at the time of the examination by Dr. Scheer, fourteen months after the accident, he could find no reason for continuation of the husband's complaints. The letter says: "In conclusion it is felt that this patient's symptoms are considerably out of line with his clinical findings. In this period of time one would

normally anticipate that the *symptoms resulting from the sprain of the neck occasioned by the rear end collision* would have resolved. It should be observed at this point that this patient indicates that the legal case is still in litigation." The emphasized language, rather than indicating that no injury occurred assumes that husband was injured in the accident.

Secondly, the matters contained in the letter, although not word for word, also are contained in the deposition testimony of Dr. Scheer read to the jury. The letter was at most cumulative to the deposition.

Plaintiffs claim prejudice in the part of the letter following the emphasized section above which mentions the pendency of the litigation, a matter not testified to by Dr. Scheer.

The brief in this court is the first occasion on which objection is made to that specific language. No objection to that language was raised in the motion for new trial. At trial, after the court had overruled the objection to the letter as a whole, it did sustain a specific objection to a portion of the letter referring to the litigation, but no objection was raised to the language now under attack. In view of the court's ruling on the specific objection to another part of the letter relating to the pendency of the litigation, we cannot and will not presume that had objection been made to the sentence now involved the court would have refused to exclude the sentence. In such posture plaintiffs have waived any objection to this specific sentence. Allen v. St. Louis Public Service Co., 365 Mo. 677, 285 S.W.2d 663, 55 A.L.R.2d 1022. Furthermore, we cannot place upon this sentence the prejudice plaintiffs find. It is after all a true statement of fact. Also, in its context it relates only to the continuation of injury, not to original injury. We will not presume that even if the jury believed that the husband was exaggerating his injury or delaying his recovery from it, that it would on that account disobey the instructions of the court and refuse to award plaintiffs' actual damages if it found defendant negligent.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.