**Viola ZIMMERMAN, Respondent,**

v.

**Rudolph ZIMMERMAN, Appellant.**

**No. 25158.**

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Biersmith & Walsh, John A. Biersmith, Kansas City, for appellant.

Henry H. Fox, Jr., Thomas J. O'Brien, Kansas City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal from an order of the Circuit Court modifying a divorce decree as to the custody of minor children. It is the second appeal involving these parties. The first appeal was by the plaintiff, Viola Zimmerman, from a decree in favor of the defendant, Rudolph Zimmerman, on December 21, 1966, granting him a divorce and the custody of two minor children. The children are twin girls born July 30, 1959, and adopted by the parties.

The above divorce decree was affirmed by this court on December 4, 1967, and is reported in 422 S.W.2d 386. In that opinion we said:

"Plaintiff also contends that the court erred in awarding defendant the custody of the adopted girls. Defendant testified that he wanted custody of these children because he would give them a religious education; that his 44 year old unmarried sister would be willing to take care of the children in the event he was awarded their custody; that his sister Viola W. Zimmerman, owns the apartment building in which defendant lives, 'and she is in a position where she can retire from her job and she has been contemplating this for several years.'"

"Defendant's sister, Viola W. Zimmerman, testified that she is employed at the Orscheln Bros. Truck Line at Moberly, Missouri; that she has worked for them for 24 years; that she has never been married and that she lives with her sister Lucile K. Zimmerman. She further testified that she was acquainted with the children and that she was prepared to take care of them either in Kansas City or at her home in Moberly 'whichever is advised' * * *."

Plaintiff filed her motion to transfer custody of the children on August 29, 1967. A hearing on said motion was commenced on May 17, 1968, and heard at various dates thereafter. The trial court's order and finding of facts were made June 21, 1968, transferring custody of the children to the plaintiff-respondent from defendant-appellant. Defendant was given reasonable rights of visitation.

Defendant filed a motion for new trial, which was overruled, and this appeal followed.

The trial court found that at the hearing of the divorce case "it was represented to the court that the children were presently being cared for by the mother of the defendant, but it was contemplated that the defendant's sister, Viola M. Zimmerman was prepared to take care of the children either in Kansas City or at her home in Moberly, Missouri, 'whichever was advised.' The evidence disclosed that the defendant married shortly after the divorce became final; that his mother cared for the minor children but for a short time and that the sister, Viola M. Zimmerman, has not had any extensive contact, care or control of said minor children."

The court further found "that since the decision of the Kansas City Court of Appeals there has been a substantial change in the conditions of the parties in that the minor children have not been properly cared for by the defendant and his present wife."

The court further found "from all the evidence that the plaintiff, Viola Zimmerman, has an established home; that the children are well satisfied when they are with the plaintiff; that they have indicated their desire to live with their mother, but to have visitation with the father and stepmother."

The court also found "that on the testimony produced by the parties it appears that it is in the best interest of the children to modify the original decree of custody to the defendant."

There is no need to set forth the evidence in detail. A large number of persons saw the children a number of times when they came directly to the mother from the father. A number of them, at different times, accompanied the mother to pick them up. Their collective testimony corroborated the testimony of plaintiff that the children were not properly dressed; that they had dirty ragged underclothes; that they had dirty hair and were unkempt about their persons; that the children had a vaginal discharge which required medical treatment, and had marks on their legs, the source of which the children told. The children were not happy to leave their mother. On one occasion the defendant was so insistent that visitation would not be extended, that he took the children, sick with the flu, in zero weather.

As stated in the case of Smith v. Smith, 435 S.W.2d 684, 685, Mo.App.:

"The decision of a trial court in custody matters, when tested by appeal, comes weighted with the inference that the court has properly exercised its judicial discretion in determining the best interests of the child, and unless such discretion has been abused, or unless we can point to some reason for not deferring to the findings of the trial court or, of course, unless this court is convinced that the welfare of the child requires some other disposition, the decree should not be disturbed."

There is another rule announced in many of our decisions, that very young children and particularly girls should be in the custody of their mother unless she is demonstrably unfit to assume their proper care. Holmes v. Holmes, 251 S.W.2d 390, Mo.App.; Wilson v. Wilson, 260 S.W.2d 770, Mo.App.; Ballew v. Ballew, 288 S.W.2d 24, Mo.App.; Payne v. Payne, 399 S.W.2d 619, Mo.App.; Fite v. Fite, 196 S.W.2d 65, Mo.App.

From the record there can be no doubt of the deep love and affection of respondent for these little girls. As she expressed it—"they are my whole life."

In our opinion, the trial court's discretion was not abused. Your Special Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.