**DEL MONTE CORPORATION, Plaintiff-Appellant,**

v.

**STARK & SON WHOLESALE, INC.,**
Defendant-Respondent.

No. 9105.

Springfield Court of Appeals,
Missouri.

Dec. 14, 1971.

Douglas, Douglas & Douglas, Neosho, for plaintiff-appellant.

Walter Walker, Neosho, for defendant-respondent.

STONE, Judge.

In this jury-waived, court-tried action at law on an open account of $13,533.63, plaintiff Del Monte Corporation appeals from an adverse judgment.

On August 20, 1969, Del Monte instituted suit against defendants S & S Institutional Distributors, Inc. (Distributors) and Stark & Son Wholesale, Inc. (Wholesale), both of whom were Missouri corporations, by the filing of plaintiff's petition which averred "that the *defendants* are indebted to said plaintiff in the sum of $13,533.63 for merchandise purchased" as per itemized statement of account attached, and "that demand has been made upon the *defendants* for payment but payment has been refused." (All emphasis herein is ours.) *Defendant Wholesale* filed timely motions for security for costs, to dismiss plaintiff's petition, and to make it more definite and certain. *Defendant Distributors* interposed a motion "for dismissal or stay of proceedings" averring, inter alia, that on August 18, 1969, it had filed in the United States District Court for the Western District of Missouri a voluntary petition in bankruptcy, together with schedules of assets and liabilities in which the debt owing to plaintiff Del Monte had been listed, that Distributors had been adjudicated a bankrupt and a receiver had been appointed and had taken charge of its assets, and that plaintiff was proceeding against Distributors in the state court without leave of the United States District Court and without making the receiver in bankruptcy a party to the suit. On October 20, 1969, the circuit court entered an order in the case at bar staying "all proceedings" as to Distributors "until disposition in bankruptcy."

However, in its "First Amended Petition on Account" thereafter filed on November 24, 1969, upon which the case was tried, plaintiff again charged that "*defendants* are justly indebted to it for goods, wares and merchandise sold and delivered for and on behalf of the *defendants* in the sum of $13,533.63," which "said amount became due on May 14, 1969 at which time demand for payment was made." *Defendant Wholesale* answered with a general denial and an affirmative plea that its "supposed promise or obligation . . . to answer for the debt of another person, to-wit, [Distributors] . . . was not in writing nor was any memorandum or note of said alleged contract or promise made in writing signed by [Wholesale], or by any per-

son by it thereto authorized." Sec. 432.-010.[1] *Defendant Distributors* filed nothing.

■ At the close of the trial on January 8, 1971, plaintiff dismissed as to Distributors and the court took the cause under advisement. On January 15, 1971, judgment was entered finding the issues against plaintiff and discharging the remaining defendant, Wholesale. On this appeal, the only point presented in plaintiff's-appellant's brief is the broad contention that "the evidence was not sufficient to sustain the judgment of the [trial] court." This we are authorized to consider and rule, notwithstanding the fact that no motion for new trial was filed in the circuit court. Rules 73.01(d) and 79.03; Glassburner v. Burtrum, Mo., 418 S.W.2d 119, 121(4).

The itemized statement of account attached to and made a part of plaintiff's original petition, and subsequently by reference made a part of the first amended petition, was addressed to *"S & S Sales"* as the purchaser-debtor, listed debits aggregating $31,358.46 and credits aggregating $17,824.83 during the period *from November 21, 1968, to May 26, 1969*, and showed an unpaid balance of $13,533.63. In the course of trial, it developed that the debits were for canned goods invoiced and shipped to "S & S Sales, Springfield, Mo. 65804"; that the *purchase orders,* in response to which these canned goods were so shipped, directed Del Monte to "Bill to: S & S Food Service Acct., P.O. Box 547, Neosho, Missouri 64850"; and that most of such goods were sold and delivered by the Springfield consignee to a large institution in that city.

Plaintiff's witness Gene Wolfe of Springfield, an employee of Schwindler Brokerage Company, to whom plaintiff paid a commission "on shipments that [were] invoiced," stated that he "personally set this

account up." According to Wolfe, he dealt with Paul E. Stark, "the son," whom he first met in March 1968. "I (Wolfe) contacted Mr. Stark and he said it would be paid by *Stark and Son, Neosho, Missouri*; set it up as *S & S Sales, which was a division of Stark and Son, Neosho."* With Wolfe denying that in 1968 and 1969 he had any knowledge of S & S Institutional Distributors, Inc., plaintiff's counsel immediately translated "Stark and Son, Neosho, Missouri" into Stark & Son Wholesale, Inc. Regarding the above-noted *purchase orders,* Wolfe said that "we take these orders to our office and type or handwrite them on one of our [Schwindler's] forms and forward the order on to Del Monte," but there was no evidence as to whether or not the direction on the original purchase orders to *"Bill to: S & S Food Service Acct.,* P.O. Box 547, Neosho, Missouri 64850," was heeded or honored.

The testimony of plaintiff's home office assistant credit manager, Ralph Weinrichter of Menlo Park, California, was directed primarily to affirmation of the reasonableness of the charges for the canned goods invoiced and shipped to "S & S Sales, Springfield, Mo 65804" and to the identification of some of plaintiff's exhibits, namely, (a) the three invoices in suit so addressed and dated December 10, 1968, and January 14 and March 3, 1969, (b) a trial balance from plaintiff's computer showing the balance owed by "S & S Sales" on June 3, 1970, to have been $13,274.48, (c) four Dun & Bradstreet reports, (d) memoranda pertaining to a "discount charge-back" of $19.-78 on an earlier invoice dated May 8, 1968, together with two envelopes of "Stark & Son, Wholesale Co." postmarked in Neosho, Missouri, and (e) a memorandum from Paul E. Stark on a "Stark & Son, Wholesale Co." printed form pertaining to a Del Monte "credit memo for $164.65 to cover short merchandise" on another earlier invoice dated August 7, 1968 (not in the rec-

---

1. All statutory references are to RSMo 1969, V.A.M.S., and all references to rules are to the Supreme Court Rules of Civil procedure, V.A.M.R.

ord before us). All of these exhibits, excepting only the Dun & Bradstreet reports (of which more betimes), were received in evidence. Witness Weinrichter conceded that plaintiff had no writing by which Wholesale had promised to answer for the debt "of S & S Sales or any other corporation," and that plaintiff had acted "on the basis of information received from Schwindler Brokerage . . . as to who we were to bill" and had never contacted Wholesale "to determine whether or not they were to pay a bill." However, Weinrichter was permitted (mayhap erroneously), over defendant's timely objection, to give his affirmative conclusionary hearsay response, to wit, the single word "yes," to the leading question of plaintiff's counsel, "Did you know that S & S Sales was a branch of Stark and Son Wholesale Company?" Cf. Scherffius v. Orr, Mo.App., 442 S.W.2d 120, 126–127(9); Shaw v. Terminal R. Ass'n of St. Louis, Mo., 344 S.W.2d 32, 34–35(1).

■ We have noted plaintiff's naked assertion, without citation of authority, in the "Argument" portion of its brief that the Dun & Bradstreet reports were admissible in evidence. Rule 83.05(a) clearly requires that "[t]he brief for appellant shall contain: . . . (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder . . . ." Appellate review is limited to those issues presented and preserved in "Points Relied On" in appellant's brief [St. Louis-San Francisco Ry. Co. v. Morrison, Mo.App., 439 S.W.2d 27, 29(5); Maxey v. General Electric Co., Mo.App., 382 S.W.2d 67, 69(1)], in this instance to the sole question whether the evidence was sufficient to sustain the judgment of the trial court. Holman v. Fincher, Mo.App., 403 S.W.2d 245, 249. Matters to which counsel casually allude in the "Argument" portion of their brief, such as the admissibility of the Dun & Bradstreet reports in the case at bar, but which are not stated under "Points Relied On," are not for appellate consideration. Montgomery v. Travelers Protective Ass'n of America, Mo.App., 434 S.W.2d 17, 20(6). See Pruellage v. De Seaton Corp., Mo., 380 S.W.2d 403, 405(3, 4); St. Louis Teachers Ass'n v. Board of Education of City of St. Louis, Mo., 456 S.W.2d 16, 18–19.

■ However, *if* plaintiff's complaint about exclusion of the Dun & Bradstreet reports were for consideration on its merits, we would be obliged to approve the trial court's ruling. After witness Weinrichter had responded affirmatively to counsel's questions as to whether "these reports [are] a part of the business records and a part of the business practices of the Del Monte Corporation" and are "under your control . . . and supervision," defendant's objection to the offer of the reports was sustained. In the ensuing colloquy between plaintiff's counsel and the court, counsel said "we offer it (sic) under the exception to the hearsay rule under business records." This was an offer under The Uniform Business Records as Evidence Law. Sections 490.660 to 490.690, incl. However, no witness testified concerning the mode of preparation of the Dun & Bradstreet reports and as to whether they were made in the regular course of business, at or near the time of the conditions which they purported to reflect. Section 490.680. Hence, they were not admissible under the above-cited Law. Whitehead v. Martin, Mo.App., 446 S.W.2d 505, 507(2); Ellis v. State Dept. of Public Health and Welfare, Mo.App., 277 S.W.2d 331, 336(10), affirmed 365 Mo. 614, 285 S.W.2d 634. See State v. Anderson, Mo., 413 S.W.2d 161, 165(7).

Defendant's position was stated by witness Paul E. Stark, whose testimony we now summarize. Stark identified himself as vice-president and secretary of Stark & Son Wholesale, Inc., and secretary-treasurer of S & S Institutional Distributors, Inc. At one time, "back in '64," Wholesale had a branch outlet in Springfield, Missouri, but it had no outlet there after Dis-

tributors was incorporated on September 2, 1966. Distributors' operation in Springfield was set up "in a building of S & S Institutional Distributors, Inc." and "was indicated by both signs and names on the side of our trucks." The Springfield institution, for whom most of the canned goods were ordered from plaintiff Del Monte and to whom most of such goods were delivered by Distributors, had an account with Distributors, but not with Wholesale. As secretary-treasurer of Distributors, Stark made payments to Del Monte from "S & S Food Service Acct." which was "Distributors' merchandising account," but he had no authority to sign checks drawn on Wholesale's bank account. He stated positively that Wholesale did not order any of the canned goods for which the charges in suit were made, and he denied specifically that he had told plaintiff's witness Wolfe, Schwindler's representative, this was an "S & S Sales" account to be paid by Wholesale.

■ Plaintiff's counsel lean heavily on the fact that *purchase orders* to Schwindler's Wolfe directed the billing of "S & S Food Service Acct." at the same post-office box, to wit, "P.O. Box 547, Neosho, Missouri," used by defendant *Wholesale*. The *only* evidence concerning "S & S Food Service Acct." was witness Stark's statement that it was *"Distributors'* merchandising account." Wholesale and Distributors were separate corporate entities. Other than that Paul E. Stark had been vice-president and secretary of Wholesale for "about three years, four years" and was secretary-treasurer of, but not "a majority stockholder in," Distributors, the transcript discloses nothing concerning the number or identity of the stockholders, directors or officers of either corporation. Plaintiff's case was neither pleaded nor presented on the "piercing of the corporate veil" theory, i. e., that the separate corporate entities should be disregarded; but if that theory had been invoked, it would not have been applicable on the record before us. See Lawton-Byrne-Bruner Ins. Agency Co. v. Stiers Bros. Const. Co., Mo. App., 186 S.W.2d 480, 484–485(2, 3); Eisenbarth v. Equity Mut. Ins. Co., Mo.App., 189 S.W.2d 168, 171(1); Smith v. City of Lee's Summit, Mo.App., 450 S.W.2d 485, 489(3, 4). The fact that purchase orders directed the billing of "S & S Food Service Acct." at the same post-office box used by Wholesale did not of itself afford any basis for imposition of liability upon Wholesale. Cf. National City Bank of St. Louis v. Carleton Dry Goods Co., 334 Mo. 339, 350, 67 S.W.2d 69, 73(4).

■ We are no more impressed than was the trial court by the argument of plaintiff's counsel that "the only conclusion" to be drawn from witness Stark's *failure to produce records spontaneously is* that they "would have been harmful to defendant's case." There was no contradiction of Stark's testimony that all of the records pertaining to the Del Monte account in suit were maintained by Distributors and, at the time of trial, were in the "bankruptcy court," and that Del Monte had been "represented by counsel at [Distributors'] bankruptcy hearing." In this connection, we observe that (as the original file discloses), pursuant to the request of *plaintiff's* counsel, a subpoena duces tecum was issued and served upon an official of a Neosho bank commanding the production upon trial of all records pertaining, inter alia, to Wholesale, Distributors, S & S Food Service or S & S Sales for the period from 1966 to 1969, inclusive, but that no records within the sweep of this dragnet were offered in evidence by plaintiff. Counsel apparently overlook the trite but basic truth that the open account in suit did not prove itself, and that the burden of proof as to every essential element of its cause of action rested upon plaintiff. J. D. Streett & Co. v. Bone, Mo., 334 S.W.2d 5, 8 (1); M. F. A. Central Cooperative v. Harrill, Mo.App., 405 S.W.2d 525, 529(7); 1 C.J.S. Account, Action on § 15, 1. c. 604.

■ We are cognizant that our duty is to "review the case upon both the law and the evidence as in suits of an equita-

table nature" [Rule 73.01(d); § 510.310 (4)], and that, in such review de novo, we reach our own conclusions as to the weight of the evidence. Hampton v. Niehaus, Mo., 329 S.W.2d 794, 800(6); Trotter v. Trotter, Mo., 316 S.W.2d 482, 484(2); Masterson v. Plummer, Mo.App., 343 S.W.2d 352, 354 (1). But we are also aware that in the discharge of our appellate function we must heed the plain admonition that due regard be given to the superior opportunity of the trial court to judge of "the credibility and characteristics of the witnesses who testified before him" [Peine v. Sater, Mo., 289 S.W.2d 101, 102(1); Cull v. Pfeifer, Mo., 307 S.W.2d 424, 428(5); Spaeth v. Larkin, Mo., 325 S.W.2d 767, 771(3); State ex rel. State Highway Com'n. v. Carlton, Mo.App., 453 S.W.2d 642, 647; Burger v. Wood, Mo. App., 446 S.W.2d 436, 442(4)—see Rule 73.01(d); § 510.310(4)], must respect the fundamental principle that, in weighing the evidence, the trial court might have believed or disbelieved any testimony affirmatively or defensively adduced by either of the parties, even though such testimony was uncontradicted and unimpeached [Adam Hat Stores, Inc. v. Kansas City, Mo. (banc), 316 S.W.2d 594, 598(3); Beckemeier v. Baessler, Mo., 270 S.W.2d 782, 787 (5); State ex rel. Rice v. Public Service Com'n., 359 Mo. (banc) 109, 116–117, 220 S.W.2d 61, 65(9, 10); Galemore v. Haley, Mo.App., 471 S.W.2d 518, 526; Bourne v. Manley, Mo.App., 435 S.W.2d 420, 428 (9)], and must honor the explicit mandate that "[t]he judgment shall not be set aside unless clearly erroneous." Rule 73.01(d); § 510.310(4). See Rothenhoefer v. City of St. Louis, Mo., 410 S.W.2d 73, 75(2); In re Estate of O'Neal, Mo., 409 S.W.2d 85, 90 (1); Sanderson v. Richardson, Mo.App., 432 S.W.2d 625, 630(5); Clinton v. Staples, Mo.App., 423 S.W.2d 1, 3(4, 5).

Consideration of the record before us, with appropriate regard for these bromidic commonplaces, constrains our conclusion that the judgment nisi for defendant should be affirmed. It is so ordered.

TITUS, P. J., and HOGAN, J., concur.