John F. RUDLOFF, Respondent,

v.

Linda Jean RUDLOFF, Appellant.

No. KCD 27920.

Missouri Court of Appeals,
Kansas City District.

Feb. 9, 1976.

James P. Williams, Brookfield, for appellant.

Richard N. Brown, Brown & Casey, Brookfield, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

In this dissolution of marriage case, the respondent in such action, Linda Jean Rudloff, (wife) appeals from the judgment awarding custody of two girls to the petitioner, John F. Rudloff, (husband).

The husband testified the wife left the home and the two children born of the marriage, in Browning, Missouri, with another man. The girls were ages 6 and 11. The husband remained in the family home and, with the aid of a baby sitter, continued to care for the girls until the dissolution hearing. The husband worked about a half block from the home and went to work after getting the girls off to school. He was home from work by 5:30 in the afternoon.

The wife did not deny the testimony of the husband that she had left with another man. She stated she had moved to Marcelline from Browning and was living in a three-bedroom trailer home.

On this appeal the wife relies solely on the statement found in cases such as *Zimmerman v. Zimmerman*, 446 S.W.2d 503 (Mo.App.1969), "that very young children and particularly girls should be in the custody of their mother unless she is demonstrably unfit to assume their proper care." 446 S.W.2d 505[2].

The wife relies upon this statement without demonstrating from the evidence in what manner the welfare of the children would be best served by placing them in her custody. On the contrary the trial court found the best interest of the children would be served by placing them in the custody of the father.

█ The statement upon which the wife relies as quoted from *Zimmerman* is by no means conclusive as held by this court in *Suddarth v. Suddarth*, 515 S.W.2d 817 (Mo. App.1974) and *Leaton v. Leaton*, 435 S.W.2d 408 (Mo.App.1968). Rather, as pointed out in *Suddarth*, the pivotal point is the welfare of the children. That is the central issue to be determined. In this case the court found this welfare best served by placing the children with the father.

█ It is firmly established that "the trial court's findings on the matter of custody are not to be lightly cast aside and we will defer to those findings unless we are firmly convinced that the welfare of these children requires some other disposition." *Johnson v. Johnson*, 526 S.W.2d 33, 36[6] (Mo.App.1975). Also, as held in *Suddarth*, unless it can be said the trial court abused its discretion in the order of custody which it made, then the appellate court will defer to the finding of the trial court on that issue.

█ After a careful review of the record in this case, this court is unable to say the trial court abused its discretion. This court agrees with the finding of the trial court that the best interest of the children require their custody to be given to the father.

The judgment is affirmed.

All concur.